

# In the United States Court of Federal Claims

**FILED**

No. 16-682
Filed: January 31, 2017

**JAN 3 1 2017**

**U.S. COURT OF
FEDERAL CLAIMS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRUCE SOLOWAY, | \* |
| | \* 11 U.S.C. § 727 (Discharge of Debtor); |
| Plaintiff, *pro se*, | \* 12 U.S.C. § 4617(a) (Housing and Economic |
| | \*   Recovery Act); |
| v. | \* 28 U.S.C. § 1491 (Tucker Act Jurisdiction); |
| | \* Michigan Complied Laws ("MCL") |
| THE UNITED STATES, | \*   § 600.3204 (Foreclosure); |
| | \* Rules of the United States Court of Federal |
| Defendant. | \*   Claims ("RCFC") 12(b)(1) (Subject |
| | \*   Matter Jurisdiction); |
| | \* RCFC 56(d) (Facts Unavailable to Non- |
| | \*   Movant in Summary Judgment). |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Bruce Soloway**, Fife Lake, Michigan, *pro se*.

**Jessica M. Held**, United States Department of Justice, Environment and Natural Resources Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION GRANTING THE GOVERNMENT'S MOTION TO DISMISS

**BRADEN**, *Judge*.

## I.    RELEVANT FACTUAL BACKGROUND.[1]

Bruce Soloway was the owner of 7533 Lund Road SW, Fife Lake, Michigan, 49633 ("the Property"). Compl. ¶ 5. On December 24, 2007, Mr. Soloway refinanced the Property with the Federal National Mortgage Association ("Fannie Mae"), through its broker Huntington National Bank, for $160,000." Compl. ¶ 19.

---

[1] The facts cited herein were derived from the June 9, 2016 Complaint ("Compl."), and the exhibits attached thereto ("Pl. Exs. A–J").

In 2008, the Federal Housing Finance Agency ("FHFA") placed Fannie Mae and the Federal Home Loan Mortgage Corporation ("Freddie Mac") in conservatorship, pursuant to 12 U.S.C. § 4617(a).[2]  Compl. ¶ 8.

In August 2011, Mr. Soloway filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Western District of Michigan.  Compl. ¶ 21.  On September 1, 2011, the Mortgage Electronic Registration Systems, Inc., assigned to the Huntington National Bank the mortgage on the Property.  Compl. ¶ 26.

On February 2, 2012, the court granted Mr. Soloway a discharge from bankruptcy, under 11 U.S.C. § 727.  Pl. Ex. D.  The trustee, Kelly M. Hagan, abandoned the Property to Mr. Soloway, without distribution.  Compl. ¶ 21.

On March 19, 2015, Freddie Mac foreclosed on the Property, without notice.  Compl. ¶ 13. On November 9, 2015, Plaintiff redeemed the Property from Freddie Mac for $118,851.02. Compl. ¶ 36.

## II.     PROCEDURAL HISTORY.

On June 9, 2016, Mr. Soloway ("Plaintiff") filed a Complaint in the United States Court of Federal Claims, alleging an unlawful taking, under the Fifth Amendment to the United States Constitution, and a violation of his due process and equal protection rights, under the Fifth and Fourteenth Amendments.  Compl. ¶¶ 13, 16.

On September 22, 2016, the Government filed a Motion To Dismiss, pursuant to RCFC 12(b)(1) and a Memorandum In Support  ("Gov't Mot.").

On October 4, 2016, Plaintiff filed a Motion For A Continuance To Permit Discovery, pursuant to RCFC 56(d), that the court considers a response to the Government's September 22, 2016 Motion To Dismiss ("Pl. Resp.").  On October 28, 2016, the Government filed an Opposition

---

[2] 12 U.S.C. § 4617(a) provides,

(a)  Appointment of the Agency as conservator or receiver.

(1)  In general. Notwithstanding any other provision of Federal or State law, the Director may appoint the Agency as conservator or receiver for a regulated entity in the manner provided under paragraph (2) or (4). All references to the conservator or receiver under this section are references to the Agency acting as conservator or receiver.

(2)  Discretionary appointment. The Agency may, at the discretion of the Director, be appointed conservator or receiver for the purpose of reorganizing, rehabilitating, or winding up the affairs of a regulated entity.

12 U.S.C. §§ 4617(a)(1)–(2).

To Plaintiff's Motion For Discovery ("Gov't Reply").  On November 7, 2016, Plaintiff filed a Reply ("Pl. Sur Reply").

## III.   DISCUSSION.

### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provide a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.   Standard For Motion To Dismiss, Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading. . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

### C.   Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se*

complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). The court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

> **D.    Whether The Court Has Jurisdiction To Adjudicate The Claims Alleged In The June 9, 2016 Complaint.**

> **1.    Plaintiff's June 9, 2016 Complaint.**

The June 9, 2016 Complaint contains two counts. Count I alleges that the United States unlawfully took Plaintiff's property in violation of the Fifth Amendment, because Freddie Mac was acting as a federal agency, when it foreclosed on Plaintiff's property, without "notice" or "due process," as required by Michigan Compiled Laws ("MCL") § 600.3204.[3] Compl. ¶ 13–14.

---

[3] MCL § 600.3204 states,

(1)  A party may foreclose a mortgage by advertisement if all of the following circumstances exist:

(a)  A default in a condition of the mortgage has occurred, by which the power to sell became operative.

(b)  An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage or, if an action or proceeding has been instituted, either the action or proceeding has been discontinued or an execution on a judgment rendered in the action or proceeding has been returned unsatisfied, in whole or in part.

(c)  The mortgage containing the power of sale has been properly recorded.

(d)  The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

(2)  If a mortgage is given to secure the payment of money by installments, each of the installments mentioned in the mortgage after the first shall be treated as a separate and independent mortgage. The mortgage for each of the installments may be foreclosed in the same manner and with the same effect as if a separate mortgage were given for each subsequent installment. A redemption of a sale by the mortgagor has the same effect as if the sale for the installment had been made upon an independent prior mortgage.

(3)  If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of sale under section

Count II alleges that Freddie Mac's foreclosure of Plaintiff's property has violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, because Freddie Mac "had no right to prosecute foreclosure against Plaintiff." Compl. ¶ 16, 18. Freddie Mac "could not foreclose [on the property,] because they did not own the mortgage, and as such [had] no authority to invoke any jurisdiction anywhere in the land." Compl. ¶ 31.

### 2. The Government's September 22, 2016 Motion To Dismiss.

The Government argues that the claim alleged in Count I of the June 9, 2016 Complaint, that Freddie Mac wrongfully foreclosed on Plaintiff's property, sounds in tort. Gov't Mot. at 9. And, the United States Court of Federal Claims does not have jurisdiction to adjudicate tort claims. Gov't Mot. at 9 (citing 28 U.S.C. § 1491(a)(1)).

In the Alternative, Count I alleges that Freddie Mac foreclosed on Plaintiff's property in violation of Michigan and federal law. Gov't Mot. at 9. Claims premised on a regulatory or statutory violation, however, do not state a claim for a taking. Gov't Mot. at 9 (citing *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1369 (Fed. Cir. 2005)). Accordingly, Count I fails to state a valid Fifth Amendment claim against the United States and should be dismissed. Gov't Mot. at 9.

Finally, the court does not have jurisdiction to adjudicate the claim, alleged in Count II that the United States violated Plaintiff's due process and equal protection rights, under the Fourteenth Amendment. Gov't Mot. at 10. To pursue a substantive right in the United States Court of Federal Claims, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. Gov't Mot. at 10. It is well-settled, however, that the Fourteenth Amendment's Due Process and Equal Protection Clauses are not money-mandating provisions. Gov't Mot. 10–11.

### 3. Plaintiff's October 4, 2016 Motion For A Continuance To Permit Discovery.

Plaintiff responds that the court should stay the briefing schedule, pursuant to RCFC 56(d), to permit jurisdictional discovery. Pl. Resp. at 1. Under RCFC 12(d), a motion to dismiss is converted into a motion for summary judgment when a court considers facts outside the complaint. Pl. Resp. at 5. The Government's September 22, 2016 Motion To Dismiss is based on factual assertions that go beyond the facts pleaded in the June 9, 2016 Complaint. Pl. Resp. at 4. Specifically, the Government states that Freddie Mac is not acting on behalf of the United States for the purposes of establishing jurisdiction under the Tucker Act. Pl. Resp. at 7. For this reason, the court should consider the September 22, 2016 Motion To Dismiss as a motion for summary judgment. Pl. Resp. at 6.

---

3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

MCL § 600.3204.

If a nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition of a summary judgment motion, the court may allow discovery. Pl. Resp. at 6 (citing RCFC 56(d)(2)).  In response to the September 22, 2016 Motion To Dismiss, Plaintiff has filed a declaration stating that he "cannot adequately respond to [the] factual allegations of the Government without the opportunity to conduct discovery." Pl. Resp. at Ex. K ¶ 7.  Accordingly, the court should grant Plaintiff time to take discovery.  Pl. Resp. at 6.

> **4.    The Government's October 28, 2016 Response To Plaintiff's October 4, 2016 Motion.**

The Government responds that "[c]onversion of a 12(b)(1) motion to dismiss into a summary judgment motion is not provided for by [RCFC 12(d)]." Gov't Reply at 6 (quoting *N. Hartland, L.L.C. v. United States*, 78 Fed. Cl. 172, 178 (2007), *aff'd*, 309 F. App'x 389 (Fed. Cir. 2009)). Instead, "the requirement set forth in RCFC 12(d) . . . that motions to dismiss must be treated as motions for summary judgment . . . [is] limited to motions to dismiss under RCFC12(b)(6) and RCFC 12(b)(c)." Gov't Resp. at 6 (quoting *N. Hartland, L.L.C.*, 78 Fed. Cl. at 178). Therefore, the court should not consider the Government's September 22, 2016 Motion To Dismiss, pursuant to RCFC 12(b)(1), as a motion for summary judgment.  Accordingly, RCFC 56(d), permitting a nonmovant to conduct discovery before responding to a motion for summary judgment, does not apply in this case.  Gov't Reply at 6.

The Government adds that, while a court may allow discovery when a motion to dismiss challenges jurisdictional facts alleged in the complaint, a "party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." Gov't Resp. at 5.  The court should deny Plaintiff's October 4, 2016 Motion, because there are no jurisdictional facts in dispute and discovery is not necessary to resolve the legal sufficiency of Plaintiff's claims.  Gov't Reply at 6.

> **5.    Plaintiff's November 7, 2016 Reply To The Government's October 28, 2016 Response.**

Plaintiff replies that the court should grant the October 4, 2016 Motion For Continuance, because there are jurisdictional facts in dispute and discovery is necessary to resolve the legal sufficiency of the claims alleged in the June 9, 2016 Complaint. Pl. Sur Reply ¶ 28.  Specifically, Plaintiff is entitled to discovery to determine whether Freddie Mac was a government actor, under the circumstances.  Pl. Sur Reply ¶ 40.

> **6.    The Court's Resolution.**

>> **a.    Whether The Court Has Jurisdiction To Adjudicate The Claims Alleged In The June 9, 2016 Complaint.**

>>> **i.    The Court Does Not Have Jurisdiction To Adjudicate The Claims Alleged In Count I Of The June 9, 2016 Complaint.**

"[I]n determining the existence and grounds for a court's jurisdiction we look to the true nature of the action instead of merely relying on the plaintiff's characterization of the case."

*Doe v. United States,* 372 F.3d 1308, 1315 (Fed. Cir. 2004). Although Count I alleges "an unlawful Government taking of Plaintiff's real property," that claim is not based on the Takings Clause of the Fifth Amendment. The United States Court of Appeals for the Federal Circuit has held that a "claim premised on a regulatory [or statutory] violation does not state a claim for a taking." *Lion Raisins, Inc. v. United States,* 416 F.3d 1356, 1369 (Fed. Cir. 2005). In this case, the claim alleged in Count I, *i.e.,* that the Government unlawfully took Plaintiff's property, is premised on the allegation that Freddie Mac foreclosed on Plaintiff's property, without notice or due process, as required by MCL § 600.3204. Compl. ¶ 13. Because these claims are premised on statutory violations, Count I does not state a claim for a taking under the Fifth Amendment.

In addition, the claims alleged in Count I are based on violations of Michigan law and constitutional due process. Compl. ¶ 13 ("This is an action that Plaintiff brings for relief due to an unlawful Governmental taking of Plaintiffs real property by way of Defendant Freddie Mac having foreclosed [on Plaintiff's property] . . . on March 19, 2015 without notice as required by MCL [§] 600.3204 and without due process[.]"). As a matter of law, claims founded on state law, however, are "outside the scope of the limited jurisdiction of the [United States] Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.,* 497 F.3d 1303, 1307 (Fed. Cir. 2007). And, the court does not have jurisdiction to adjudicate claims based on the Due Process Clause of the Fifth and Fourteenth Amendments, because those provisions are not money-mandating. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[Plaintiff's complaint included counts alleging violation of his rights under the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the doctrine of separation of powers. None of these is a sufficient basis for jurisdiction because they do not mandate payment of money by the government.").

For these reasons, the court has determined that it does not have jurisdiction to adjudicate the claims alleged in Count I of the June 9, 2016 Complaint.

### ii.    The Court Does Not Have Jurisdiction To Adjudicate The Claims Alleged In Count II Of The June 9, 2016 Complaint.

Count II of the June 9, 2016 Complaint alleges that "[t]he Sheriffs sale of the Plaintiffs property to Freddie Mac constituted a violation of the [Fourteenth] [A]mendment [d]ue process of law and equal protection under the law." Compl. ¶ 16. But, the United States Court of Federal Claims does not have jurisdiction to adjudicate claims based on either the Due Process or Equal Protection Clauses of the Fourteenth Amendment, because those constitutional provisions are not money-mandating. *See LeBlanc,* 50 F.3d at 1028. Therefore, the court has determined that it does not have jurisdiction to adjudicate the claims alleged in Count II of the June 9, 2016 Complaint.

### b.    Whether Plaintiff Is Entitled To Jurisdictional Discovery.

"[W]hen a motion to dismiss challenges a jurisdictional fact alleged in a complaint, a court may allow discovery in order to resolve the factual dispute." *Clear Creek Cmty. Servs. Dist. v. United States,* 100 Fed. Cl. 78, 81 (2011). The court, however, "may deny jurisdictional discovery when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction[.]" *Nuance Communications, Inc. v. Abbyy Software House,* 626 F.3d 1222, 1235–

36 (Fed. Cir. 2010).  In this case, Plaintiff argues that discovery is required to establish that Freddie Mac acted as the United States.  But, even if Freddie Mac acted as the United States, the court does not have jurisdiction to adjudicate any of the claims alleged in the June 9, 2016 Complaint, because those claims are based on violations of state law and do not identify any money-mandating statue or constitutional provision.  Therefore, the court has determined that Plaintiff is not entitled to jurisdictional discovery.

## IV.  CONCLUSION.

The United States Court of Federal Claims does not have jurisdiction to adjudicate the claims alleged in either Count I or Count II of the June 9, 2016 Complaint, because the alleged claims are based on violations of state law and do not identify any money-mandating statute or constitutional provision.  Accordingly, the Government's September 22, 2016 Motion To Dismiss is granted.  *See* RCFC 12(b)(1).  The Plaintiff's October 4, 2016 Motion For A Continuance To Permit Jurisdictional Discovery is denied.  Accordingly, the Clerk of Court is directed to dismiss the June 9, 2016 Complaint.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**